CASE NO.

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

DANIELLE VICTOR,

Plaintiff

v.

Apple, Inc., a California Corporation; ET AL

Defendant

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

## CASE NO.

Danielle Victor
In Pro Se
daniellekvictor@gmail.com
4 Loring Road
Methuen, MA 01844
978-857-4885
THE LIGHT OF GOD NEVER FAILS

surveillance, technological harassment, destruction of digital
property in violation of federal law, civil conspiracy to
violate constitutional rights, invasion of privacy, negligence,
intentional infliction of emotion distress, fraud, conspiracy to
commit fraud, retaliation against a witness/informant, illegal
searches without a warrant, and witness intimidation and
tampering.

    These actions were executed, and are still on going,
without warrant, consent, or lawful justification and constitute
direct violations of Plaintiff's rights under the First, Fourth,
and Fourteenth Amendments to the United States Constitution, as
well as statutory violations including but not limited to 18
U.S.C §1030 (Computer Fraud and Abuse Act), 18 U.S.C §2511
(Wiretap Act), 18 U.S.C §2701 (Stored Communications Act), 18
U.S.C §1962(c) (Civil RICO), 5 U.S.C §552a (Privacy Act of
1974), 18 U.S.C 1037 (Fraud/ Electronic Mail), 18 U.S.C §1365
(Interference with Communication Facilities), 18 U.S.C §1349
(Conspiracy to Commit Fraud), 18 U.S.C §1513 (Retaliation
Against a Witness/ Informant), 18 U.S.C §1343 (Wire Fraud), 18
U.S.C §2236 (Illegal Searches), 18 U.S.C §1512 (Witness
Intimidation).

    Plaintiff, appearing pro se, asserts that her personal
devices were hacked, her communications intercepted, and her

**TO THE CLERK OF COURT**, Robert M. Farrell, please be advised that there is no Federal Rule or Statue that limits the pages of a Complaint submitted to this Court, or any Court which has previously been falsely declared and ordered by Judge Patti B. Saris of this Court.

Please refer to the following cases which all had Complaints over forty pages long: *B.R. v Fairfax County School Board*, *Does 1-6 v. Mills*, *US Dominion v. Powell*, *Lindell, and Giuliani*, *Patrick Collins, Inc. v. Does 1-44*, *Page v. Comey*, *United States v. Donald Trump*, *O. Doe v. Trump*, and several more.

This action is brought forth and is in the scope of constitutional whistleblower retaliation which is protected by Federal law and is a Supreme Court precedent. Any more actions of this Court that deprive Danielle Victor, Plaintiff, of her constitutional, civil, and statutory rights will be considered whistleblower retaliation.

**I. INTRODUCTION**

This action is brought by, Danielle Victor, ("Plaintiff"), a citizen of Massachusetts. This is a civil action for declaratory and injunctive relief, as well as compensatory, punitive damages, and treble damages, arising from unlawful interception, tampering, cyber intrusion, unlawful acts of

private data accessed; altered; and used without consent. In addition, Plaintiff was subjected to persistent surveillance, still on going to this day, monitoring, and harassment which has collectively deprived her of the peaceful enjoyment of her home, interfered and prevented her freedom of speech and expression, and has caused severe emotional, psychological, financial, and reputational harm.

These unlawful actions were undertaken in retaliation for Plaintiff's exercise of protected rights and/or her efforts to expose public corruption and misconduct as a Whistleblower. The pattern of misconduct alleged herein reflects systemic abuse of surveillance technologies and the failure of governmental institutions to safeguard constitutional protections. Plaintiff now seeks relief to prevent the continuation of these harms and to hold accountable all individuals and entities responsible.

## II. JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this action pursuant to:

- **28 U.S.C §1331**, because Plaintiff's claims arise under the Constitution and laws of the United States;

- **28 U.S.C §1343**, because Plaintiff seeks redress for civil rights violations under color of federal and state law;

- **28 U.S.C §1346(b)(1)**, pursuant to the **Federal Tort Claims Act (FTCA)** for negligent or wrongful acts or omissions by employees of the United States acting within the scope of their employment;

- **28 U.S.C §1332(a)** because the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is between citizens of different States. Accordingly, complete diversity of citizenship exists between the parties.

2. Plaintiff also brings claims pursuant to **Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971),** to redress constitutional violations committed by federal officials in their individual capacities.

3. Venue is proper in this judicial district pursuant to **28 U.S.C §1391(b)** because a substantial part of the events or omissions giving rise to the claims occurred, and are still occurring in this District.

4. Venue is proper in this judicial district pursuant to **28 U.S.C §1391(e)** because a Defendant, or many Defendants are officers or employees of the United States or any agency thereof acting in his official capacity under color of law.

5. Plaintiff has exhausted all administrative remedies required under the **Federal Tort Claims Act,** having filed Complaints with

every department in the Department of Justice, the Los Angeles
Attorney General's Office, the Massachusetts Attorney Generals
Office, the Federal Bureau of Investigation, and every agency
and office that exists within the United States of America
between August of 2021 to 2025. Each claim has been denied or
ignored by all agencies or departments, and more than six months
has elapsed since the denial or ignorance.

6. Plaintiff has standing to bring this action because she has
suffered direct, concrete, and particularized harm, including
but not limited to illegal surveillance, technology tampering,
unlawful retaliation, and deprivation of constitutional rights.

7. Plaintiff is proceeding **pro se** and respectfully requests that
the Clerk of the Court effect service pursuant to **Federal Rule
of Civil Procedure 4(c)(3)**, pursuant to **Federal rule 28 U.S.C
§1915(d)**, and that the Court grant any necessary relief to
assist in proper service of all defendants, including federal
defendants and agencies.

**III. Parties**

**1. Plaintiff**

Plaintiff, Danielle Victor, is a natural person and resident of
Methuen, Massachusetts, 01844, Essex County, proceeding in
propria persona (pro se) in this matter. Plaintiff is a citizen

of the United States and brings this action for violations of federal law and constitutional rights.

**2. Defendant [The United States of America ]**

Defendant United States of America ("U.S.A" or "United States") is the sovereign entity responsible for the acts of its agencies and officers under the Federal Tort Claims Act and other Applicable laws. Service upon the United States shall be made in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

**3. Defendant [Robert Bonta]**

Defendant Robert Bonta ("Bonta") is the Attorney General of the State of California and is sued in his official capacity. At all relevant times, Defendant Bonta was acting under color of state law and within the scope of his official duties. As Attorney General, he is responsible for overseeing the California Department of Justice, including matters involving law enforcement, public rights, and legal affairs on behalf of the State. He maintains an office at 13001 Street, Sacramento, California 95814. Plaintiff alleges that Defendant Bonta, through acts and omissions, directly participated in, authorized, or failed to prevent the violations of federal and constitutional rights set forth in this Complaint.

**4. Defendant [City of Los Angeles]**

Defendant City of Los Angeles ("Los Angeles") is a municipal corporation organized and existing under the laws of the State of California, with its principle offices located at 200 N. Spring Street, Los Angeles, California 90012. The City of Los Angeles is a public entity subject to suit under 42 U.S.C §1983 and other applicable laws.

**5. Defendant [State of California]**

Defendant State of California is a sovereign state within the United States of America, with its principle offices located at California State Capitol, 1315 10th Street, Sacramento, California 95814. To the extent sovereign immunity has been waived or does not apply, the State of California is a public entity subject to suit under applicable federal and state law, including but not limited to claims arising under 42 U.S.C §1983 and 28 U.S.C §1343.

**6. Defendant [City of Boston]**

Defendant City of Boston ("Boston") is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal offices located at Boston City Hall, 1 City Hall Square, Boston, Massachusetts 02201. The city of Boston is a public entity subject to suit under 42 U.S.C §1983 and other applicable laws.

**7. Defendant [City of Methuen]**

Defendant City of Methuen ("Methuen") is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal offices located at 41 Pleasant Street, Methuen, Massachusetts 01844. The City of Methuen is a public entity subject to suit under 42 U.S.C §1983 and other applicable laws.

**8. Defendant [Commonwealth of Massachusetts]**

Defendant Commonwealth of Massachusetts is a sovereign state within the United States of America, with its principal offices located at the Massachusetts State House, 24 Beacon Street, Boston, Massachusetts 02133. To the extent sovereign immunity has been waived or does not apply, the Commonwealth of Massachusetts is a public entity subject to suit under applicable federal and state law, including but not limited to claims arising under 42 U.S.C §1983 and 28 U.S.C §1343.

**9. Defendant [Google LLC]**

Defendant Google LLC ("Google") is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Defendant conducts substantial business within the jurisdiction of this Court and is subject to suit under applicable federal and state laws.

**10. Defendant [RSA Data Security, Inc.]**

Defendant RSA Data Security, Inc. ("RSA") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located at 2 Burlington Woods Dr, Suite 201,Burlington, MA 01803 and/or 1209 Orange Street, Wilmington, New Castle, DE 19801. Defendant engages in business activities involving encryption, cybersecurity, and data protection technologies and conducts substantial business within the jurisdiction of this Court. It is therefore subject to suit under applicable federal and state laws.

**11. Defendant [Apple Inc.]**

Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at One Apple Park Way, Cupertino, California 95014. Apple Inc. designs, manufactures, and sells consumer electronics, software, and digital services and conducts substantial business within the jurisdiction of this Court. It is therefore subject to suit under applicable federal and state laws.

**12. Defendant [Cisco Systems, Inc.]**

Defendant Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 170 West Tasman

Drive, San Jose, California 95134. Cisco Systems, Inc. is a
multinational technology conglomerate that designs and sells
networking hardware, software, telecommunications equipment, and
other high-technology services and products. It conducts
substantial business within the jurisdiction of this Court and
is subject to suit under applicable federal and state laws.

**13. Defendant [Gavin Newsom]**

Defendant Gavin Newsom ("Newsom") is the Governor of the State
of California and is sued in his official capacity. At all
relevant times, Defendant Newsom was acting under color of state
law and within the scope of his official duties. As Governor, he
is responsible for overseeing executive agencies and enforcing
laws within the State of California. He maintains an office at
the California State Capitol, Sacramento, California 95814.
Plaintiff alleges that Defendant Newsom, through acts and
omissions, participated in or failed to prevent the unlawful
conduct set forth in this Complaint.

**14. Defendant [George Gascon]**

Defendant George Gascon ["Gascon"] is the District Attorney of
Los Angeles County and is sued in his official capacity. At all
relevant times, Defendant Gascon was acting under color of state
law and within the scope of his official duties. As District
Attorney, he is responsible for prosecuting criminal matters and

overseeing the administration of justice within Los Angeles
County. He maintains an office at 211 West Temple Street, Los
Angeles, California 90012. Plaintiff alleges that Defendant
Gascon, through acts or omissions, directly participated in,
authorized, or failed to prevent the violations of federal and
constitutional rights as alleged in this Complaint.

**15. Defendant [Andrea Joy Campbell]**

Defendant Andrea Joy Campbell ("Campbell") is the Attorney
General of the Commonwealth of Massachusetts and is sued in her
official capacity. At all relevant times, Defendant Campbell was
acting under color of state law and within the scope of her
official duties. As Attorney General, she is responsible for
representing the Commonwealth in legal matters, enforcing state
laws, and protecting the rights of Massachusetts residents. Her
principle office is located at One Ashburton Place, Boston,
Massachusetts 02108. Plaintiff alleges that Defendant Campbell,
through acts and omissions, directly participated in,
authorized, or failed to prevent violations of federal and
constitutional rights as alleged in this Complaint.

**16. Defendant [Leah B. Foley]**

Defendant Leah B. Foley ("Foley") is, upon information and
belief, a District Attorney in the Commonwealth of
Massachusetts. She is sued in her official capacity for actions

taken under color of state law and within the scope of her
authority that contributed to the alleged violations of
Plaintiff's constitutional and civil rights. Her office is
located in Massachusetts, and she is responsible for the
oversight, direction, and execution of criminal prosecutions
within her jurisdiction. Defendant Foley's conduct, as alleged
in this Complaint, was undertaken as part of a pattern of state
action and systemic misconduct.

**17. Defendant [Pamela Jo Bondi]**

Defendant Pamela Jo Bondi ("Bondi") is the Attorney General of
the United States and is sued in her official capacity. As the
head of the United States Department of Justice, she is
responsible for overseeing federal law enforcement and ensuring
compliance with the Constitution and federal laws. Defendant
Bondi maintains her principle office at the U.S. Department of
Justice, 950 Pennsylvania Avenue NW, Washington D.C. 20530.
Plaintiff alleges that Defendant Bondi, through acts and
omissions under color of federal law, participated in or failed
to prevent the violations of constitutional and statutory rights
described in this Complaint.

**18. Defendant [Federal Bureau of Investigation (FBI)]**

Defendant Federal Bureau of Investigation ("FBI") is an agency
of the United States Department of Justice, headquartered at 935

12

Pennsylvania Avenue NW, Washington, D.C. 20535. The FBI is responsible for upholding and enforcing federal laws, investigating crimes, and protecting national security. Plaintiff alleges that the FBI, through its agents and employees acting under color of law, engaged in or failed to prevent unlawful acts including surveillance, hacking, invasion of privacy, and civil rights violations as described in this Complaint. The FBI is sued in its full capacity as an agency of the federal government.

**19. Defendant [Kash Patel]**

Defendant Kash Patel ("Patel"), in his official capacity as Director of the Federal Bureau of Investigation (FBI), is responsible for the oversight and direction of the FBI and its operations. In this role, Defendant Patel is charged with ensuring the Bureau acts in accordance with the United States Constitution and federal law. Plaintiff alleges that under Defendant Patel's leadership, the FBI, through its agents or with his knowledge and authorization, engaged in unlawful surveillance, technology tampering, and other civil rights violations described in this Complaint. He is sued in his official capacity only.

**20. Defendant [Instagram, LLC]**

13

Defendant Instagram, LLC ("Instagram"), a Delaware limited
liability company, is a social media and technology platform
headquartered in Menlo Park. California. At all times relevant
to this Complaint, Instagram was engaged in commercial activity
including the development, distribution, and operation of
digital communication platforms. Plaintiff alleges that
Instagram, through its agents or technology, participated in or
facilitated unlawful surveillance, data interference,
algorithmic manipulation, or other actions contributing to the
violations described herein. Instagram is sued in its corporate
capacity.

**21. Defendant [Instagram, Inc.]**

Defendant Instagram, Inc. ("IG"), a Delaware corporation, is a
technology company headquartered in Menlo Park, California. At
all times relevant to this Complaint, IG was engaged in the
business of operating a global social media platform and
associated technologies. Plaintiff alleges that IG, acting
individually and/or in concert with others, participated in,
facilitated, or enabled unauthorized surveillance, data
manipulation, technological interference, algorithmic
manipulation, or other activities. IG is sued in its corporate
capacity.

**22. Defendant [Facebook Global Holdings II, LLC]**

14

Defendant Facebook Global Holdings II, LLC ("Facebook Global"),
a Delaware limited liability company, is a corporate entity
affiliated with Meta Platforms, Inc., and is headquartered in
Menlo Park, California. At all times relevant to this Complaint,
Facebook Global engaged in activities related to the ownership,
operation, or management of technological infrastructure and
data systems. Plaintiff alleges that this Defendant participated
in, facilitated, or enabled unauthorized surveillance, data
tampering, and technological interference. Facebook Global is
sued in its corporate capacity.

**23. Defendant [Meta Platforms, Inc.]**

Defendant Meta Platforms, Inc. ("Meta"), a Delaware corporation
formerly known as Facebook, Inc., is headquartered in Menlo
Park, California. At all times relevant to this Complaint, Meta
operated and managed social media platforms, digital advertising
systems, and user data infrastructure. Plaintiff alleges that
this Defendant engaged in or facilitated unlawful surveillance,
digital tracking, suppression of communication, the manipulation
of online content, algorithmic manipulation, or other activities
in violation of Plaintiff's constitutional and statutory rights.
Meta is sued in its corporate capacity.

**24. Defendant [Facebook, Inc.]**

Defendant Facebook, Inc. ("Facebook"), a Delaware Corporation is headquartered in Menlo Park, California. At all times relevant to this Complaint, Facebook owned, operated, and controlled the social media platform "Facebook", through which Plaintiff alleges unlawful surveillance, censorship, date collection, algorithmic manipulation, or other activities, and privacy violations were carried out, in coordination with governmental and private entities. Facebook is sued in its corporate capacity for its direct and contributory actions in violating Plaintiff's civil and constitutional rights.

**25. Defendant [Youtube, Inc.]**

Defendant Youtube, Inc. ("Youtube"), a Delaware Corporation, is headquartered in San Bruno, California. At all times relevant to this Complaint, Youtube owned, operated, and controlled the video-sharing platform "Youtube", which Plaintiff alleges was used as a medium for unlawful surveillance, data collection, digital interference, algorithmic manipulation, or other activities, and censorship in coordination with governmental and private actors. Youtube is sued in its corporate capacity for its direct and contributory role in violating Plaintiff's civil and constitutional rights.

**26. Defendant [Youtube, LLC]**

Defendant Youtube, LLC, a Delaware limited liability company, is headquartered in San Bruno, California. At all times relevant to this Complaint, Youtube, LLC owned, operated, and maintained the video-sharing platform "YouTube." Plaintiff alleges that Youtube, LLC participated in or enabled unlawful surveillance, digital interference, data tampering, censorship, algorithmic manipulation, and other forms of misconduct in coordination with governmental and private actors. Youtube, LLC is sued in its full corporate capacity for its role in violating Plaintiff's constitutional and statutory rights.

## 27. Defendant [Snapchat, Inc.]

Defendant Snapchat, Inc. ("Snapchat"), a foreign business corporation registered in the State of New York and headquartered in Santa Monica, California, owns and operates the Snapchat social media application. At all times relevant to this Complaint, Snapchat engaged in or permitted digital surveillance, data manipulation, and/or coordinated with governmental entities to suppress or monitor Plaintiff's communications and activities. Snapchat is sued in its full corporate capacity for its role in violating Plaintiff's constitutional and civil rights.

## 28. Defendant [Twitter, Inc.]

Defendant Twitter, Inc. ("Twitter"), a Delaware corporation with its principal place of business in San Francisco, California, owns and operates the Twitter/X social media platform. At all times relevant to this Complaint, Twitter engaged in, facilitated, or failed to prevent unlawful surveillance, censorship, manipulation of communications, and the unauthorized collection and distribution of Plaintiff's private data. Twitter is being sued in its full corporate capacity for violations of Plaintiff's constitutional and statutory rights.

**29. Defendant [TikTok Inc.]**

Defendant TikTok Inc. ("TikTok"), a New York corporation with its principal place of business in New York, New York, owns and operates the TikTok social media platform. At all times relevant to this Complaint, TikTok participated in or enabled unlawful surveillance, data harvesting, algorithmic manipulation, or other activities that contributed to the violation of Plaintiff's constitutional and civil rights. TikTok is sued in its full corporate capacity.

**30. Defendant [TikTok Global Inc.]**

Defendant TikTok Global Inc. ("TikTok Global"), a Delaware Corporation with its principal place of business in the United States, is the parent entity of TikTok's U.S. operations. At all times relevant to this Complaint, TikTok Global engaged in or

facilitated unlawful surveillance, data collection, behavioral targeting, and/or other conduct that contributed to the violation of Plaintiff's constitutional, statutory, and civil rights. TikTok Global is sued in its full corporate capacity.

**31. Defendant [Yahoo Communications USA Inc.]**

Defendant Yahoo Communications USA Inc. ("Yahoo"), a Delaware corporation with its principal place of business in the United States, is a provider of internet-based services including email, search engine, and advertising technologies, at all times relevant to this Complaint, Yahoo engaged in, facilitated, or enabled unauthorized surveillance, data interception, communication disruption, and/or technological tampering alleged herein. Yahoo is sued in its full corporate capacity.

**32. Defendant [Oath Inc.]**

Defendant Oath Inc. ("Oath"), a Delaware corporation and successor in interest to various Yahoo-related digital media and technology platforms, is a provider of internet content, communication, and advertising services. At all times relevant to this Complaint, Oath participated in or facilitated unlawful surveillance, data mining, communication interference, and/or digital manipulation as alleged herein. Oath is sued in its full corporate capacity.

**33. Defendant [Oath Holdings Inc.]**

19

Defendant Oath Holdings Inc. ("Oath Holdings"), a Delaware corporation, is a successor entity to various media and technology companies, including portions of the former Yahoo digital properties. At all relevant times mentioned in this Complaint, Oath Holdings knowingly and/or negligently engaged in or enabled unlawful surveillance, data collection, digital interference, and/or coordination with governmental and private actors in violation of federal law. Oath Holdings is sued in its full corporate capacity.

**34. Defendant [Amazon (USA) Inc.]**

Defendant Amazon (USA) Inc. ("Amazon (USA)"), a Delaware corporation, is a subsidiary or affiliated entity of Amazon.com, Inc., conducting business throughout the United States, including within the jurisdictions relevant to this Complaint. At all relevant times, Amazon (USA) engaged in or facilitated unlawful surveillance, unauthorized data collection, and/or digital interference, either directly or through partnerships with governmental agencies or third parties. Amazon (USA) is sued in its full corporate capacity.

**35. Defendant [Amazon.com, Inc.]**

Defendant Amazon.com, Inc. ("Amazon"), a Delaware corporation, is a multinational technology company headquartered in Seattle, Washington. Amazon conducts substantial business across the

United States, including within the jurisdictions relevant to this Complaint. At all relevant times, Amazon engaged in or facilitated unlawful surveillance, unauthorized data access, data harvesting, and/or technological interference, either directly or through its platforms, subsidiaries, or in cooperation with governmental or private entities. Amazon is sued in its full corporate capacity.

**36. Defendant [Alexa Internet]**

Defendant Alexa Internet ("Alexa"), a California corporation, was a subsidiary of Amazon.com, Inc., formerly headquartered in San Francisco, California. At all relevant times, Alexa was engaged in data analytics, traffic monitoring, and technology based tracking systems that contributed to or enabled unlawful surveillance, unauthorized data collection, and/or technological interference with Plaintiff's electronic communications and personal devices. Alexa is sued in its full corporate capacity.

**37. Defendant [Concord Ventures, Inc.]**

Defendant Concord Ventures, Inc. ("Concord Ventures"), a Delaware corporation, is sued in its full corporate capacity. At all relevant times, Concord Ventures was a partial owner and/or managing entity of the residential building in which the Plaintiff resided. Plaintiff alleges that Concord Ventures either through direct action or willful neglect, enabled or

permitted unlawful access, surveillance, hacking, technological
interference, and/or data harvesting to occur within the
premises, contributing materially to the violations described in
this Complaint.

**38. Defendant [1840 Highland Partners, LLC]**

Defendant 1840 Highland Partners, LLC ("1840 Highland Partners",
a California domestic limited liability company, is sued in its
full capacity. At all relevant times, 1840 Highland Partners was
a part owner and/or managing entity of the residential property
located at 1825 N Las Palmas Ave, Los Angeles, California 90028,
where Plaintiff resided. Plaintiff alleges that Defendant, by
action or inaction, permitted or failed to prevent unlawful
surveillance, hacking, data interception, invasion of privacy,
and other technological interference on the premises, thereby
materially contributing to the injuries and constitutional
violations set forth herein.

**39. Defendant [Moss Management Services, Inc.]**

Defendant Moss Management Services, Inc. ("Moss Management"), a
California domestic stock corporation, is sued in its full
capacity. At all relevant times, Moss Management was the
original property management company responsible for the
residential property located at 1825 N Las Palmas Ave, Los
Angeles, California 90028, where Plaintiff resided when the

alleged unlawful surveillance, hacking, and invasion of privacy
began. Plaintiff alleges that Defendant, through negligence,
willful misconduct, or failure to act, facilitated or failed to
prevent technological and constitutional violations on the
premises, contributing directly to Plaintiff's injuries and
deprivations of rights.

**40. Defendant [Verizon Communications Inc.]**

Defendant Verizon Communications Inc. ("Verizon"), a Delaware
corporation, is sued in its full capacity. At all relevant
times, Verizon provided telecommunications and internet services
to Plaintiff, and Plaintiff alleges that Defendant either
knowingly or negligently enabled unauthorized access to
Plaintiff's private communications and data. Defendant's
infrastructure and services were utilized during the period of
unlawful surveillance, hacking, and technology tampering,
contributing to the violations of Plaintiff's constitutional and
statutory rights.

**41. Defendant [AT&T Corp.]**

Defendant AT&T Corp. ("AT&T"), a domestic business corporation
organized under the laws of the State of New York, is sued in
its full capacity. At all relevant times, AT&T provided
telecommunications and internet services to Plaintiff. Plaintiff
alleges that Defendant either directly participated in, or

failed to prevent, unauthorized access, monitoring, and
tampering of Plaintiff's electronic communications and personal
data, resulting in violations of Plaintiff's civil,
constitutional, and privacy rights.

**42. Defendant [Jeff Greene]**

Defendant Jeff Greene ("Greene"), an individual and principal
owner of 1840 Highland Partners, LLC, is sued in his full
capacity. At all relevant times, Defendant Greene owned the
property located at 1825 N Las Palmas Ave, Los Angeles,
California 90028, where Plaintiff resided during the period in
which Plaintiff alleges illegal surveillance, hacking, and other
violations began and occurred. Plaintiff alleges that Defendant
Greene, through ownership and control of the premises and
management entities, had knowledge of, enabled, or was willfully
negligent in preventing the violations of Plaintiff's rights,
including but not limited to invasion of privacy, unauthorized
surveillance, and technological interference.

**43. Defendant [Lucent Technologies, Inc.]**

Defendant Lucent Technologies, Inc. ("Lucent Tech"), a
corporation incorporated under the laws of the Commonwealth of
Virginia, is sued in its full capacity. At all relevant times,
Defendant Lucent Tech designed, manufactured, distributed, or
maintained Wi-Fi technology and appliances installed in

Plaintiff's apartment at 1825 N Las Palmas Ave, Los Angeles,
California 90028, which served as the primary infrastructure
through which illegal hacking, unauthorized surveillance, and
technological tampering were allegedly carried out. Plaintiff
alleges that Defendant Lucent Tech knew or should have known
that its technology was being used to unlawfully access
Plaintiff's communications, interfere with personal privacy, and
facilitate violations of federal law.

**44. Defendant [Nest Labs, Inc.]**

Defendant Nest Labs, Inc. ("Nest"), a corporation organized
under the laws of the State of Delaware, is sued in its full
capacity. At all relevant times, Defendant Nest, designed,
manufactured, and distributed Wi-Fi enabled thermostats and
smart home devices that were installed and operational within
Plaintiff's residence located at 1825 N Las Palmas Ave, Los
Angeles, California 90028. Plaintiff alleges that these devices
were exploited for unauthorized surveillance, unlawful data
collection, and other technological intrusions without
Plaintiff's consent. Defendant Nest knew or should have known
that the installation and functionality of its devices could be
misused for such purposes, thereby contributing to the ongoing
violations of Plaintiff's civil, constitutional, and statutory
rights.

25

**45. Defendant [The Regents of the University of California]**

Defendants The Regents of the University of California ("The Regents"), a public trust and constitutional corporation organized under the laws of the State of California, is sued in its full capacity. At all relevant times, Defendant acted by and through its agents, employees, and affiliates, including in association with RSA and related digital security frameworks. Plaintiff alleges that Defendant The Regents, directly or indirectly, participated in or facilitated unauthorized access to Plaintiff's computer systems, leaving a digital thumbprint traceable to its network or affiliated technologies. Such actions constitute a violation of Plaintiff's constitutional and statutory rights, including unlawful surveillance, privacy invasion, and data tampering.

**46. Defendant [Mozilla Corporation]**

Defendant Mozilla Corporation ("Mozilla"), a California stock corporation with its principal place of business in California, is sued in its full capacity. At all relevant times, Defendant Mozilla Corporation operated web browsers and related technologies which were used to facilitate, enable, or were compromised in the course of unlawful surveillance, unauthorized access, and hacking of Plaintiff's personal devices and online communications. Plaintiff alleges that Mozilla either

26

negligently failed to prevent, or unknowingly enabled, such
intrusions, contributing to the violation of Plaintiff's
constitutional rights and privacy.

**47. Defendant [Sony Computer Entertainment America Inc.]**

Defendant Sony Computer Entertainment America Inc. ("Sony"), a
Delaware corporation with its principal place of business in the
United States, is sued in its full capacity. At all relevant
times, Defendant was engaged in the development and distribution
of software and hardware systems, and Plaintiff alleges that
Sony either participated in, facilitated, or negligently allowed
unauthorized surveillance, digital intrusion, and technological
tampering of Plaintiff's devices. Digital evidence identified by
Plaintiff shows traces of Sony systems or tools being used in
conjunction with RSA-associated protocols in the compromise of
Plaintiff's personal computer.

**48. Defendant [World Wide Web Consortium, Inc.]**

Defendant World Wide Web Consortium, Inc. ("WWW"), a Delaware
corporation, is sued in its full capacity. Upon information and
belief, Defendant is a standards organization involved in the
development of protocols and digital frameworks. At all relevant
times, Defendant was engaged in digital operations and web
infrastructure development. Plaintiff alleges that the digital
artifacts and metadata recovered from her compromised computer

show evidence linking Defendants technology, identifiers, or affiliated systems to unauthorized surveillance, intrusion, or access in coordination with or through RSA associated technologies.

**49. Defendant [Refinitiv Global Markets Inc.]**

Defendant Refinitiv Global Markerts Inc. ("Refinitiv"), a Delaware corporation, is sued in its full capacity. Upon information and belief, Defendant is engaged in the provision of financial market data, analytics, and related technologies. Plaintiff alleges that digital evidence retrieved from her compromised laptop includes system activity, certificates, and signatures, associated with Defendant, indicating unauthorized access or data tracing in connection with broader digital surveillance and tampering. These actions appear to be linked to RSA-affiliated infrastructures, implicating Defendant in the unlawful intrusion and violation of Plaintiff's privacy and digital property.

**50. Defendant [Nokia Inc.]**

Defendant Nokia Inc. ("Nokia"), a Delaware corporation, is sued in its full capacity. At all times relevant to this Complaint, Defendant Nokia, a global provider of telecommunications and network solutions, allegedly participated in or facilitated unauthorized access to Plaintiff's mobile device and digital

communications. Plaintiff further alleges that Plaintiff's
iPhone repeatedly displayed system warnings or notifications
indicting that Nokia (or its affiliated technologies) had
attempted to or did gain access to the device, suggesting
unauthorized data interception, surveillance, or tampering.
These actions constitute violations of Plaintiff's
constitutional rights and statutory rights to privacy and secure
electronic communications.

**51. Defendant [Intel Corporation]**

Defendant Intel Corporation ("Intel"), a Delaware corporation,
is sued in its full capacity. At all times relevant to this
Complaint, Defendant Intel, an American multinational technology
company specializing in semiconductor chips and data processing
hardware, allegedly contributed to or facilitated unauthorized
surveillance, data interception, and/or technological
interference directed at Plaintiff. Plaintiff alleges that Intel
hardware, firmware, or associated microcode present in devices
used by Plaintiff was exploited, either directly or in
conspiracy with other actors named herein, to execute unlawful
monitoring, data collection, and privacy violations without
Plaintiff's consent or due legal process. These actions are
alleged to constitute violations of federal and constitutional

rights, including but not limited to unlawful searches and seizures, invasion of privacy, and unauthorized surveillance.

**52. Defendant [Adobe Inc.]**

Defendant Adobe Inc. ("Adobe"), a Delaware corporation is sued in its full capacity. At all times relevant to this Complaint, Defendant Adobe, a multinational software company specializing in digital media and content creation tools, allegedly facilitated or was complicit in unauthorized access, manipulation, or surveillance of Plaintiff's digital files, communications, or software environments. Plaintiff alleges that Adobe's software platforms or cloud based services were used, either directly or through third-party actors, to infiltrate Plaintiff's devices, monitor personal activity, alter or intercept private communications, and otherwise violate Plaintiff's constitutional and civil rights under federal law, including but not limited to unlawful surveillance, wiretapping, data tampering, and invasion of privacy.

**53. Defendant [United States Department of Justice]**

Defendant United States Department of Justice ("DOJ"), an agency of the federal government, is sued in its official capacity. At all times relevant to this Complaint, Defendant DOJ had the authority and responsibility to uphold and enforce the Constitution and federal laws, including the protection of civil

rights and prevention of unlawful surveillance, tampering, and retaliation. Plaintiff alleges that the DOJ, through acts of omission or commission by its agents, employees, or affiliated parties, failed to act on credible reports of criminal misconduct and was complicit, either directly or by knowingly allowing, ongoing violations of Plaintiff's constitutional rights, including but not limited to illegal surveillance, interference with due process, unlawful data collection, and retaliation against protect whistleblowing activity.

**54. Defendant [LG Electronics U.S.A., Inc.]**

Defendant LG Electronics U.S.A., Inc. ("LG"), a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey, is sued in its corporate capacity. At all time relevant to this Complaint, Defendant LG was engaged in the manufacturing, sale, and distribution of electronic devices and technologies that were present in Plaintiff's residence and/or devices. Plaintiff alleges that LG devices were compromised or used as conduits for unauthorized surveillance, data interception, or technological interference in connection with other named Defendants, contributing to the deprivation of Plaintiff's civil rights and personal privacy.

**55. Defendant [Xfinity]**

Defendant Xfinity, also known as **Comcast Cable Communications, LLC,** is a limited liability company organized under the laws of Delaware, with its principal place of business located in Philadelphia, Pennsylvania. At all relevant times, Defendant Xfinity provided internet, cable, and telecommunications servers and is sued for its involvement in or facilitation of unauthorized surveillance, digital intrusion, and privacy violations against Plaintiff.

## IV. FACTUAL ALLEGATIONS

1. In 2021 Plaintiff discovered attorney misconduct and judicial misconduct surrounding her wrongful termination, discrimination, retaliation, and sexual harassment case which was opened on the basis of fraud in the Los Angeles Superior Court, *Case no.: 20STCV34566.* The Judge presiding over her case, Judge Yolanda Orozco, engaged in actions that made the Plaintiff ask questions. These questions led Plaintiff to discovering a pattern of criminal behavior that was happening in the Stanley Mosk Courthouse between judges, lawyers, firms, and arbitration agencies.

2. Plaintiff reported the attorney misconduct immediately to the State Bar of California and the Commission on Judicial Conduct but there was never any investigation into her allegations, that had cooperating evidence, nor was there a response.

3. Plaintiff attempted to call and send letters to the Presiding Judge of the Stanley Mosk Courthouse, Eric C. Taylor, alerting him that she had discovered criminal conduct in the Stanley Mosk Courthouse between a bunch of judges, lawyers, and law firms. Plaintiff attempted to whistleblow on this corruption with BONTA through the Attorney Generals office, which resulted in all of her devices being hacked, being locked out of her social media, and eventually the attempt on her life which will not be discussed in this Complaint. Plaintiff went as far as to knock on the door of the presiding judges office in the Stanley Mosk Courthouse where she was advised by the Clerk, who answered the intercom, that he would be unable to assist her.

4. In a panic, trying to not have her case go to arbitration on the premise of fraud and illegal actions, Plaintiff attempted to whistleblow on her discovery in order to get help obtaining proper justice in her litigation.

5. On September 16, 2021 Plaintiff sent an email entitled "Illegal Activity by Judicial Officials/Related Cases & Civil Rights & Constitutional Violations Case #20STCV34566" to the following email address: <kriccomini@thompsoncoburn.com>, <asilbergeld@thompsoncoburn.com>, <bgutierrez@thompsoncoburn.com>, <dclow@thompsoncoburn.com>,

<robert.perry@usdoj.gov>, <msatterthwaite@jamsadr.com>, <USACAC.CV-CivilRights@usdoj.gov>, ethics.commission@lacity.org>, <attorneyregulation@calbar.ca.gov>, <coordination@jud.ca.gov>, <contact.center@dfeh.ca.gov>, <publicaffairs@dfeh.ca.gov>, <info@eeoc.gov>, <diane.gross@eeoc.gov>, <dcba@dcba.lacounty.gov>, <dhsportal@dhs.lacounty.gov>, <dsupport@hr.lacounty.gov>, <isd@isd.lacounty.gov>, <pio@dmh.lacounty.gov>, ncosby@ncsc.org>, <ggriller@mcsc.org>, <publicaffairs@jud.ca.gov>, <judicialcouncil@jud.ca.gov>, <tani.cantil@jud.ca.gov>, <ethics.commission@lacity.org>, <AGelectronicservice@doj.ca.gov>, <chair@sec.gov>, <oig@sec.gov>, <news@sec.gov>, <OMWI@sec.gov>, and <counselforjustice@lacba.org>. To this very day not single department that Plaintiff contacted when seeking redress for her litigation, via email and with multiple phone calls, contacted her back. No governmental agency or department investigated Plaintiffs claims, inquired about Plaintiff's claims, or stop/ nor prevented Plaintiff's claims.

6. On September 20, 2021 Plaintiff sent an email to the SEC with the subject line entitled: "Jane Doe v Paul Marciano & Guess? Inc". This email alerted the SEC of many things including the fact that Jane Doe was raped and her case was put into

arbitration which is against federal law. This email was sent to the following email addresses: <chair@sec.gov>, <commissionerlee@sec.gov>, <commissionerpeirce@sec.gov>, <commissionerRoisman@sec.gov>, <commissionerCrenshaw@sec.gov>. There was no response to this email by anyone who was notified or contacted. There was no investigation into Plaintiff's claims of criminal conduct. There was only silence and ignored by the United States government.

7. On August 21, 2021 Plaintiff emailed <reuben.ginsburg@jud.ca.gov> seeking help. The email had the subject line entitled: "JUDGE YOLANDA OROZCO DEPT. 31 CASE #20STCV34566". This email went unanswered as well. No investigation was done with Plaintiff's reports of criminal conduct.

8. Plaintiff attempted to reach out to the California Labor Commissioners Office one more time seeking redress for her litigation on September 30, 2021. Plaintiff emailed <LaborComm.WCA.LAO@dir.ca.gov>, these email went unanswered, and despite this beginning as a Labor and Employment case, there was absolutely no investigation from the California Labor Department into Plaintiff's claims, nor any of the claims made by Plaintiff's in similar cases with the same Defendants.

9. In the beginning of September 2021 Victor had been living on the property of Zen Hollywood, 1825 N Las Palmas Ave, Los Angeles, California 90028, owned by Greene, 1840 Highland Partners, and managed by Concord Ventures and Moss Management. Plaintiff noticed that after her attempts at whistleblowing on public corruption that the front desk employees whom were with Concord Venture were all replaced by new employees with 1840 Highland Partners, Jason Fenescey and his crew. The security hired to work the grounds of Zen Hollywood were all ex military or new releases from prison.

10. After new management came in and new employees arrived, Plaintiff discovered unauthorized access to Plaintiff's computers, mobile devices, and other technology assets. Plaintiff noticed abnormal and suspicious activities on devices, including but not limited to: unauthorized access to private files and communications, remote control of devices without consent, unexplained battery drainage and overheating, frequent interruptions to internet service and manipulated device settings.

11. Plaintiff further observed physical tampering signs, including unexplained modifications to Wi-Fi routers, external wiring, and surveillance like activities outside her residence especially with the newly hired security.

12. Plaintiff observed evidence of tampering including being locked out of her verified Instagram account; no access to YouTube, Facebook, Snapchat; had no access to email for almost two weeks time; Macbook Pro went completely black and and had a lock on the screen requiring a password to get back into it which was not a password Plaintiff created nor knew. Prior to being locked out of her own MacBook Pro her system was experiencing slow downs, unauthorized logins, deleted files, software manipulation, hardware damage, altered settings, hundreds of new and oftentimes foreign certificates, and the installation of spyware.

13. Plaintiff took as much evidence of this hacking as she could before being locked completely out of her MacBook Pro, including IP addresses (domestic and foreign), certificates, etc., this included a four hundred plus page digital footprint from RSA and its associates.

14. Plaintiff did not authorize any third party to access, modify, or interfere with Plaintiff's digital devices, communications, or data.

15. On October 1, 2021 Plaintiff emailed <AGelectronicservice@doj.ca.gov> with the subject line entitled: *Hacked Phone & Computer*. An automative email came back that had a warning that said email was an "EXTERNAL

EMAIL" and that it was sent outside of the DOJ. It warned not to open links or attachments. This would be a repeated pattern with all governmental correspondence moving forward.

16. Plaintiff had attempted to submit multiple briefs via mail and email, to Defendant BONTA, which were never acknowledged nor responded too. This began on October 4, 2021. When attempting to call to follow up with the Los Angeles Attorney Generals Office Plaintiff got treated like absolutely garbage by Bonta's office. In fact, every time Plaintiff called a person named Wendall would answer but he would refuse to give me his last name. To this day, Defendant Bonta has been CC'ed on court documents from this court and the first circuit court of appeals, but has never made an appearance, nor investigated the claims made therein and herein. Bonta and the Los Angeles Attorney General's office of the State of California have done nothing to protect Plaintiff, nor prevent the harm of current and/or future victims of the crimes alleged herein.

17. Although mailed to Bonita's office, Plaintiff emailed her Emergency Injunction request to the following: <AGelectronicservice@doj.ca.gov>, and <CEQA@doj.ca.gov>. No help was ever given, no injunction granted. No investigation, no prevention.

18. On September 16, 2021 Plaintiff called and emailed the Los Angeles County District Attorney's Office seeking help. The email she contacted was <info@da.lacounty.gov>. No investigation. No prevention.

19. Plaintiff, in desperation, reached out to Chief Justice Thomas seeking redress on October 11, 2021. Plaintiff emailed <info@justicethomas.com>. An automative email came back with the EXTERNAL EMAIL warning once more.

20. Plaintiff moved into Zen Hollywood a few days before May 1, 2021, and the AT&T service rep. could not come for a few days but Tyler Cowan, the property manager at the time of Plaintiff's move in, said that Plaintiff could log into the main AT&T account using her email address and password till the service rep. could come, which would end up being a big mistake. Through RUKUS, Defendant AT&T, amongst several others, hacked all of Plaintiff's devices.

21. The hackers/Defendants left an entire contract on Plaintiff's desktop which was produced by RSA and is over four hundred pages long. Plaintiff contacted RSA immediately and the person who called her back informed VICTOR that they would look in to which of their federal clients used their software without their consent. RSA never opened an investigation nor did they take any proper action to support or help Plaintiff

39

after her hacking. Plaintiff has saved voice mails from RSA whom contacted her during the beginning of the invasion of her privacy, amongst other things.

22. Plaintiff had no access to internet on her phone or computer, all of her files were completely deleted from her phone and computer, including videos and pictures of her loved ones that have passed on, videos she needed to edit for her work. All completely destroyed by the Defendants, each of them.

23. Plaintiff's sister, Gabrielle Victor ("Gabi"), could not get a hold of Plaintiff during this time, so she kept calling the front desk of Zen Hollywood where Jason Fenescey told Gabi they were not *"concierge"*.

24. On Plaintiff's way to the Los Angeles Police Department ("LAPD") , to report her hacking, Plaintiff told Jason Fenescey that if Greene had anything to do with this, she would take them down.

25. Plaintiff attempted to bring her laptop and phone to the LAPD to file a report of her hacking. Plaintiff went to the station located at 1358 Wilcox Ave, Los Angeles, California 90028. Two detectives came out told Plaintiff to wait a minute. Hours had passed and when Plaintiff asked the front desk when the detective would assist, they stated the

detectives left at 3PM. No one with the LAPD did anything to help or to take a report. Plaintiff was advised to come back on Sunday.

26. Plaintiff left the police station and went to the Apple Store at the Grove, located at 189 The Grove Dr, Los Angeles, California 90036. Plaintiff advised a customer service rep what was going on and she told Plaintiff to stand by before bringing Plaintiff a Cisco phone where Plaintiff spoke to a man named "*John*" on the phone, who was an alleged supervisor of Apple. Plaintiff told him what was going on and how her computer was hacked by an apple software program with RSA, told him about her phone calls with RSA, and the contract left on her computer desktop. John asked Plaintiff what she planned on doing "*with that evidence*" and Plaintiff said nothing but she had insurance on her laptop and she would like a new laptop. John refused to give Plaintiff a new laptop and said, "*no one is going to believe you*" before hanging up on her. Leaving Plaintiff in complete despair in the busy Apple store.

27. Plaintiff's phone began to get messages that Defendant NOKIA was hacking into her phone and that her phone was not secure. Nokia is a company that most of the Judges, Plaintiff attempted to whistleblow on, had been investing into. So these same investments now turned into a weapon of mass destruction

on Plaintiff's life: hacking her devices, invading her
privacy, unlawful surveillance, unlawful harassment, and
intentionally causing Plaintiff extreme injury and harm. To
this day the hackers are still tapped into Plaintiff's phone,
computer, and other devices without her consent.

28. Plaintiff has no idea if any of her emails were ever truly
received by who they were meant to, in fact, Plaintiff
believes the Defendants, each of them, used prohibited actions
to access and tamper with all of Plaintiff's oral, wire,
electronic communications.

29. Plaintiff's social medias have all been suppressed and
shadow banned since. Plaintiff's joint Facebook Page with Gabi
"*Victor Twins*", which has over four million followers, was
hacked into. Plaintiff and Gabi had no access to their
Facebook page for over a year after Judge Yolanda Orozco,
Thompson Coburn, and all lawyers involved in Plaintiff's Los
Angeles Superior Court Case attempted to issue a TRO against
Victor for exercising her first amendment rights when
discussing her case  and the corruption publicly on her social
media platforms. They disguised this TRO as a "Status Report".
It was never issued because Plaintiff showed up to the hearing
on August 3, 2021. Judge Yolanda Orozco warned Plaintiff that
she was crossing the line with freedom of speech. An active

conspiracy to violate Plaintiff's constitutional and statutory rights.

30. Plaintiff believes the Defendants, each of them, have watched and listened, and continue to watch and listen, to her every move in her apartment and her car, through all devices in her now home located at: 4 Loring Road, Methuen, MA 01844. This includes devices of her closet family members as well. To this day Plaintiff's privacy is being invaded. While typing this brief every few moments, without even touching the keyboard, the curser would move, there would be typing, or highlighting. All not done by Plaintiff. When she is on the phone there will be static or background noise that is not coming from Plaintiff or the recipient of the phone call. Slowness and overheating in Plaintiff's phone and computer. Constant unusual texts and calls especially with links or attachments. Apps are constantly opening and closing with no action. Login alerts and password reset notifications are constantly happening. Some of Plaintiff's emails are marked as read or starred as important which was not done by Victor.

31. Victor had a public Google Drive link where she spent hours scanning and uploading evidence for her case so that her followers could follow along and keep up. This folder and all

evidence uploaded within was deleted from Plaintiff's Google drive but not by Plaintiff.

32. The Defendants, each of them, have mentally, emotionally, and financially raped Plaintiff.

33. When Plaintiff went back to the LAPD to file a report for her hacking she was told it was not their jurisdiction and was told she was being recorded on Sgt. Fullers body cam. Sgt. Fuller informed Plaintiff that she could file a complaint against Walter Mosley and all associates for their forgery in her Los Angeles Superior Court Case, which she did. When Plaintiff was done filing this complaint with the front desk of the LAPD, the cop that took a complaint made a disgusting joke about *hopefully we won't forge your signature*. VICTOR'S complaint would never be filed, investigated, nor was any proper action taken. The LAPD forged Plaintiff's signature, in an attempt to mock Plaintiff, this forgery has been presented to every court in Los Angeles and the United States District Court for the District of Massachusetts in August of 2022.

34. When Plaintiff fled the property of Zen Hollywood, she had left her AT&T equipment in her unit which she was told by Jason Fenescey that they (1840 Highland Partners) would not be returning the equipment because they weren't on the account nor had the authority to do such. Plaintiff received an email

in December 2021 that her equipment was returned to AT&T which must have been done by the Defendants. Plaintiff never received another bill from AT&T again. Plaintiff called AT&T hundreds of times about the hacking of her devices, no answer was ever given to Plaintiff on how or why. Nor was she provided any information on her returned the equipment, which included a RUKUS box.

35. After moving back to Massachusetts Plaintiff has written letters whistleblowing on all that was discovered and done including the hacking of her equipment and her attempted murder by federal employees and their associates. Every department of the DOJ has received a letter, a few responded denying investigation and the others did not respond. The Massachusetts Attorney General was written a letter who denied to investigate.

36. Plaintiff that the Defendants, each of them, used mail carriers who are part of this enterprise, to tamper with, pry, open, or intercept in going and out going mail from or to Plaintiff. Bringing into question whether this enterprise is ensuring Plaintiff's claims only go into the hands of other members of said enterprise to ensure a continuous deprivation of rights.

37. From August 2021 to early 2023 Plaintiff called the FBI
    asking for help and redress and to whistleblow on all
    corruption, her computer hacking, and her attempted murder
    where she was told by the Operator to "stop calling". If her
    phones have been compromised since 2021 it could be argued
    that these calls went directly to the line of someone is the
    enterprise alleged herein.

38. Plaintiff has written letters to the Supreme Court of the
    United States which was denied investigation due to improper
    filing technicalities.

39. Plaintiff knows that her computer and phone is still
    currently being unlawful surveilled, which means the
    Defendants know what Motion she is working on, and are
    preparing to interfere with the equal right to due process
    when it is submitted to this Court.

40. Upon investigation, Plaintiff determined that the
    unauthorized surveillance and device tampering, and all other
    actions alleged herein, were conducted without any lawful
    warrant, consent, or legal authority.

41. These intrusions caused harm to Plaintiff, including
    emotional distress, interference with daily life, interference
    with lawful activities, loss of data, breach of privacy,

financial expenses, compromised personal safety, on going and continued harassment, and on going security vulnerabilities.

42. These acts were performed in violation of Plaintiff's constitutional rights, including but not limited to rights protected under: the 4th Amendment (unlawful search and seizure); the 1st Amendment (retaliation for protected speech because the Plaintiff was a whistleblower and seeking redress); the 14th Amendment (equal right to due process); as well as relevant federal laws already named herein.

43. Plaintiff believes and alleges that Defendants, individually, and in conspiracy with one another, undertook these illegal actions in retaliation for Plaintiff's exercise of constitutionally protected activities and/or as part of a broader pattern of suppression, harassment, and retaliation.

44. Plaintiff has suffered and continues to suffer economic damages, emotional distress, loss of constitutional rights, and other compensable harms as a direct and proximate result of Defendants unlawful actions.

## V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

**Violation of the Fourth Amendment – Unlawful Search and Seizure (Pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971))**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Defendants acting under color of law and without valid legal authority, conducted unlawful searches, surveillance, hacking, and seizures of Plaintiff's personal electronic devices, communications, and private property.

3. These actions violated Plaintiff's Fourth Amendment rights to be secure against unreasonable searches and seizures.

4. As a direct and proximate result, Plaintiff suffered damages, including emotional distress, economic harm, invasion of privacy, and deprivation of constitutional rights.

**SECOND CAUSE OF ACTION**

**Violation of the Computer Fraud and Abuse Act – 18 U.S.C §1030**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Defendants knowingly and intentionally accessed Plaintiff's computers, devices, and electronic communications without authorization, or exceeded authorized access, in violation of the Computer Fraud and Abuse Act (CFAA).

3. Defendants unauthorized intrusions caused damage and loss as defined by the CFAA, including but not limited to impairment of device integrity, unauthorized data collection, and interference with lawful use.

4. Plaintiff is entitled to compensatory damages, injunctive relief, and other equitable remedies under 18 U.S.C §1030(g).

**THIRD CAUSE OF ACTION**

**Civil Conspiracy to Violate Constitutional Rights**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Defendants knowingly and willingly conspired with each other to deprive Plaintiff of constitutional rights under color of law, including the Fourth, First, and Fourteenth Amendment's.

3. Acts in furtherance of the conspiracy included unauthorized surveillance, hacking, harassment, technological tampering, and retaliation against protected speech and activities.

4. As a result, Plaintiff has suffered injury, including emotional distress, loss of privacy, constitutional violations, and financial harm.

**FOURTH CAUSE OF ACTION**

**Intrusion Upon Seclusion – Common Law Tort**

**(Against all Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Defendant intentionally intruded, physically or otherwise, upon the solitude, seclusion, or private affairs of Plaintiff in a manner that would be highly offensive to a reasonable person.

3. Defendants conduct caused Plaintiff mental anguish, suffering, and deprivation of the quiet enjoyment of life and of liberty and freedom.

4. Plaintiff seeks compensatory and punitive damages for the unlawful invasion of privacy.

**FIFTH CAUSE OF ACTION**

**Violation of Wiretap Act – 18 U.S.C §2511**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. The Wiretap Act, 18 U.S.C §2511, prohibits the intentional interception, disclosure, or use of wire, oral, or electronic communications without consent or lawful authorization.

3. Defendants, acting individually and/or in concert, intentionally intercepted Plaintiff's private electronic communications, including phone calls, text messages, emails, and other digital transmissions, without Plaintiff's consent and without a valid warrant or court order.

4. Defendants further disclosed and/or used the contents of Plaintiff's intercepted communications for unlawful purposes, including retaliation against Plaintiff's protected activities.

5. As a direct and proximate result of Defendants unlawful interception and disclosure of communications, Plaintiff has suffered harm, including emotional distress, loss of privacy, and economic damages.

6. Plaintiff is entitled to damages, punitive damages, and injunctive relief pursuant to 18 U.S.C §2520.

**SIXTH CAUSE OF ACTION**

**Violation of the Stored Communication Act- 18 USC §2701**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. The Stored Communications Act 18 U.S.C §2701, prohibits unauthorized access to stored electronic communications, including emails, messages, and cloud-based data.

3. Defendants knowingly and intentionally accessed Plaintiff's stored electronic communications without authorization by hacking into Plaintiff's devices, cloud accounts, and service providers.

4. Defendants unauthorized access was done knowingly and for the unlawful purposes of surveillance, retaliation, and intimidation.

5. As a direct and proximate result of Defendants unlawful conduct, Plaintiff suffered damages, including invasion of privacy, emotional distress, and loss of property.

6. Plaintiff is entitled to damages, punitive damages, attorney fees & litigation costs, and other relief pursuant to 18 U.S.C §2707.

**SEVENTH CAUSE OF ACTION**

**Civil RICO (Racketeer Influenced and Corrupt Organizations Act)- 18 U.S.C §1962(c)**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Defendants constitute an "enterprise" within the meaning of 18 U.S.C §1961(4), consisting of individuals and/or entities associated in fact for the common purpose of engaging in a pattern of racketeering activity.

3. Defendants engaged in a pattern of racketeering activities including but not limited too, wire fraud, unauthorized electronic surveillance, obstruction of justice, and witness intimidation. This is a corrupt enterprise.

4. Defendants racketeering activities directly and proximately injured Plaintiff in her business, property, reputation, and personal security.

5. Defendants actions were intentional, malicious, and in reckless disregard for Plaintiff's federally protected rights.

6. As a direct and proximate result, Plaintiff suffered harm to person, property, and constitutional rights.

7. Plaintiff is entitled to treble damages, injunctive relief, and attorney fees and litigation costs under 18 U.S.C §1964(c).

**EIGHTH CAUSE OF ACTION**

**Violation of Privacy Act of 1974 – 5 U.S.C §552a**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all
   preceding paragraphs of this Complaint as though fully set
   forth herein.

2. The Privacy Act of 1974 governs the collection, maintenance,
   use, and dissemination of personal information by federal
   agencies.

3. Federal Defendants collected, maintained, and disseminated
   Plaintiff's private information without proper authorization,
   without providing Plaintiff access to such records, and
   without Plaintiff's consent.

4. Defendants mishandling of Plaintiff's personal information
   caused Plaintiff harm, including invasion of privacy,
   reputational damage, and emotional distress.

5. Plaintiff is entitled to actual damages, equitable relief, and
   costs of litigation under 5 U.S.C §552a(g).

**NINTH CAUSE OF ACTION**

**Federal Tort Claims Act (Invasion of Privacy, Negligence, and
Intentional Infliction of Emotional Distress)- 28 U.S.C
§1846(b), 2671-2680**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all
   preceding paragraphs of this Complaint as though fully set
   forth herein.

2. The Federal Tort Claims Act (FTCA) 28 U.S.C §1846(b), 2671-2680 allows individuals to sue the United States for tortious acts committed by federal employees acting within the scope of their employment- sovereign immunity is waived.

3. Federal Defendants, through their unlawful surveillance, hacking, harassment, interference with Plaintiff's electronic devices, invasion of privacy, intentional infliction of emotional distress, and negligent supervision, were committed by federal agents and/or employees acting within the scope of their official duties.

4. Plaintiff has exhausted all administrative remedies to the extent required under 28 U.S.C §2675(a), including the timely filing of an administrative claim with the appropriate federal agencies. More than six months have passed without final disposition, or the claim has been denied.

5. As a direct and proximate result of the acts and omissions of federal employees, Plaintiff suffered actual damages including psychological distress, emotional trauma, loss of property, emotional distress, physical symptoms, and interference with constitutional rights.

6. Under the FTCA, the United States of America is liable to the Plaintiff to the same extent as a private party would be under

the law of the state where the tortious act or omission
occurred.

**TENTH CAUSE OF ACTION**

**Equal Protection Violation – 5th Amendment via Bivens**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all
   preceding paragraphs of this Complaint as though fully set
   forth herein.

2. Defendants acting under color of federal law, intentionally
   treated Plaintiff differently from similarly situated
   individuals without rational basis and with the intent to
   retaliate against Plaintiff's exercise of constitutionally
   protected rights.

3. Defendants conduct violated Plaintiff's rights to Equal
   Protection guaranteed under the Due Process Clause of the 5th
   Amendment to the United States Constitution.

4. As a direct and proximate result of Defendants discriminatory
   actions, Plaintiff has suffered damages including emotional
   distress, economic loss, and harm to constitutional interests.

5. Plaintiff seeks compensatory damages, punitive damages, and
   injunctive relief against Defendants.

**ELEVENTH CAUSE OF ACTION**

**Fraud and Related Activity in Connection With Electronic Mail -
18 U.S.C §1037**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all
   preceding paragraphs of this Complaint as though fully set
   forth herein.

2. 18 U.S.C §1037 prohibits the use of unauthorized or fraudulent
   electronic mail for purposes of committing fraud, identity
   theft, or trafficking personal identifying information.

3. Defendants sent dozens, if not hundreds, of emails with
   malicious intent to Plaintiff's accounts, these emails all had
   a warning to them especially with attachments. When the
   Plaintiff asked the Defendants of said warnings she was
   advised it was standard for governmental email communication.
   These emails were designed to disguise the Defendants
   malicious intent, in order to install spyware, phish
   Plaintiff's credentials, delete evidence, and whatever other
   oppressive plan they devised.

4. These actions were taken intentionally, with knowledge that
   they were unlawful, for the purpose of harassing Plaintiff,
   stealing data, harassment, and concealing Defendants
   surveillance. These actions were taken intentionally, with

knowledge to retaliate against the Plaintiff for exercising
her 1st Amendment rights to whistleblow.

5. As a direct and proximate result, Plaintiff has suffered loss
   of data, economic harm, and emotional distress.

6. Plaintiff is entitled to statutory and compensatory damages,
   and injunctive relied to prevent further abuse.

**TWELFTH CAUSE OF ACTION**

**Interference with Communication Facilities 18 U.S.C §1365**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all
   preceding paragraphs of this Complaint as though fully set
   forth herein.

2. 18 U.S.C §1365 prohibits the intentional damage or
   interference with any communications facility used in
   interstate or foreign commerce.

3. Defendants, by hacking, tampering with, and remotely
   controlling and/ or disabling Plaintiff's phone lines,
   internet service, and smart home devices, intentionally
   interfered with communications facilities in furtherance of
   unlawful surveillance and harassment.

4. As a direct and proximate result, Plaintiff suffered loss of
   critical communications, business interruption, and emotional
   distress.

5. Plaintiff is entitled to compensatory and punitive damages,
   and injunctive relief preventing further interference.

**THIRTEENTH CAUSE OF ACTION**

**Disarming a Witness**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all
   preceding paragraphs of this Complaint as though fully set
   forth herein.

2. It is a federal crime to take, damage, or destroy a witness or
   informants attack-style weapon, or to cause the witness to be
   disarmed, to prevent the witness or informant from testifying.

3. Defendants intentionally tampered with Plaintiff's defensive
   attack style weapons which in this matter was her voice and
   everything that would help her voice be heard in Protected
   Whistleblow Testimony- her computer, phone, and smart phone
   device; which is what she was using to gather and produce
   evidence to support her whistleblow claims. These "weapons"
   were also how Plaintiff exercised her 1st Amendment rights to
   freedom of speech which she had been doing on her large and
   verified social media platforms before malicious interference
   by Defendants. Defendants accessed cameras without consent or
   authorization from Plaintiff, installed spyware, installed
   malware that could control EMF and radiation, destroyed

evidence, stole personal and private information, gained unauthorized and illegal access to Plaintiff's smart home devices, and sabotaged personal protective devices to render Plaintiff defenseless, obstruct justice, and to deter Protected Whistleblow Testimony.

4. As a result, Plaintiff faced increased risk of violence and was harassed and intimidated from pursuing legal remedies.

5. Plaintiff seeks compensatory and punitive damages, and injunctive relief.

**FOURTEENTH CAUSE OF ACTION**

**Attempt and Conspiracy to Commit Fraud - 18 U.S.C §1349**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. 18 U.S.C §1349 criminalizes the attempt or conspiracy to commit any offense under the mail or wire fraud statues.

3. Defendants conspired to use electronic communications and mail facilities to defraud the Plaintiff, by sending malware via federal email communication, making false representation of who and what agency Plaintiff was reporting to, and the Defendants enterprise ensured all mail that contained Plaintiff's testimony was deterred from the appropriate

officials, departments, and/or agencies - or send to said departments but intentionally to a member of the enterprise discussed herein; that could investigate the allegations and/or stop and prevent all crimes alleged herein. Defendants also used the United States Postal Service to intercept and control all of Plaintiff's communications especially in all mail regarding her Whistleblow testimony even though it is meant to be protected.

4. As a result, Plaintiff has suffered economic loss, reputational harm, and emotional distress.

5. Plaintiff seeks compensatory and punitive damages, and injunctive relief.

**FIFTEENTH CAUSE OF ACTION**

**Retaliation Against a Witness, Victim, or Informant - 18 U.S.C §1513**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under 18 U.S.C §1513, it is unlawful to knowingly harass, intimidate, or retaliate against any person in order to prevent testimony or reporting of criminal activity.

3. Defendants engaged in a campaign of surveillance, hacking, illegal obstruction to retaliate against Plaintiff for reporting Defendants criminal activity and racketeering. Defendants retaliated against Plaintiff for attempting to exercise her right to Protected Whistleblow Testimony,

4. As a result, Plaintiff lived in fear, suffered emotional distress, and was deterred from seeking legal redress.

5. Plaintiff seeks compensatory and punitive damages, and injunctive relief.

**SIXTEENTH CAUSE OF ACTION**

**Wire Fraud - 18 U.S.C §1343**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under 18 U.S.C §1343, it is unlawful to devise or intent to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and transmit or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signals, pictures, or sounds for the purpose of executing such scheme.

3. Defendants, acting individually or in concert, engaged in a scheme to defraud Plaintiff through the use of wire communications, including emails, spoofed websites, or attachments and links, fraudulent legal correspondence, and manipulated electronic evidence with intent to deprive Plaintiff of due process, property rights, and access to justice.

4. The transmissions were used to create false records, to surveillance Plaintiff, to gather personal and private information on Plaintiff, misrepresentation to courts and third parties, and to intimidate or mislead Plaintiff into foregoing lawful legal remedies.

5. As a direct and proximate result of Defendants conduct, Plaintiff has suffered loss of legal rights, monetary damages, emotional distress, and reputational harm.

6. Plaintiff seeks compensatory, punitive, and consequential damages, and injunctive relief.

**SEVENTEENTH CAUSE OF ACTION**

**Illegal Searches Without a Warrant - 18 U.S.C §2236**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under 18 U.S.C §2236, it is a federal offense for any officer or person to willfully search a dwelling or premises without a lawful search warrant, or to exceed the scope of any lawful warrant issued.

3. On multiple occasions between August of 2021 to the present day, Defendants, acting under color of law and without any judicially issued warrant, entered or accessed Plaintiff's home, digital devices, and personal records through physical and technological intrusion, including but not limited to unauthorized surveillance, phone tapping, hacking of all devices, and remote access to Plaintiff's personal cloud and and hardware storage.

4. These intrusions were done willfully and maliciously, without Plaintiff's consent, and in violation of her 4th Amendment Rights.

5. As a direct and proximate result, Plaintiff experienced severe distress, breach of privacy, and ongoing fear for personal safety and security.

**EIGHTEENTH CAUSE OF ACTION**

**Witness Intimidation/ Tampering – 18 U.S.C §1512**

**(Against All Defendants)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Under 18 U.S.C §1512, it is unlawful to knowingly use intimidation, physical force, threats, or corrupt persuasion with intent to influence, delay, or prevent testimony of any person in an official proceeding.

3. Following Plaintiff's lawful efforts to report criminal activity and file complaints against the Defendants, Plaintiff was subjected to targeted harassment, electronic surveillance, retaliatory actions; subjected to malicious intent of the obstruction of justice intended to intimidate the Plaintiff and interfere with legal proceedings.

4. These actions constitute an effort to prevent Plaintiff from participating as a witness and Whistleblower in ongoing or potential investigations/ court proceedings.

5. As a result, Plaintiff has suffered fear, loss of credibility, harm, and impairment of constitutional rights.

**NINETEENTH CAUSE OF ACTION**

**Violation of the 14th Amendment to the United States Constitution**

**(Against All Defendants Acting Under Color of Law)**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. The Fourteenth Amendment to the United States Constitution provides, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law," and guarantees equal protection of the laws.

3. At all relevant times, certain Defendants acted under color of law, including but not limited to government officials, law enforcement agents, and government-affiliated entities who directly or indirectly participated in or sanctioned the unauthorized surveillance, illegal hacking, technology tampering, and invasion of Plaintiff's privacy.

4. Defendants, individually and in conspiracy with others, engaged in conduct that deprived Plaintiff of constitutionally protected liberty and privacy interests, including the right to bodily integrity, the right to be secure in personal property and communications, and the right to access and participate in the judicial system without interference or discrimination.

5. Plaintiff was targeted for unlawful digital intrusion and constant surveillance without any legal warrant, justification, or judicial oversight. These actions were

committed deliberately and with the intent to intimidate, control, and harm Plaintiff and to obstruct Plaintiff's legal rights and access to due process.

6. Defendants' conduct, in both their official and private capacities, resulted in the deprivation of Plaintiff's property (including data, communications, and electronic devices), the denial of fundamental fairness and impartiality in legal proceedings, and inflicted emotional, mental, and physical harm.

7. The aforementioned acts of the Defendants constitute a violation of Plaintiff's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

8. As a direct and proximate result of these constitutional violations, Plaintiff has suffered damages including, but not limited to, loss of privacy, emotional distress, interference with access to legal remedies, reputational harm, financial loss, and ongoing fear of retaliation.

## VI. DEMAND FOR JURY TRIAL

1. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against all Defendants, and grant the following relief:

## 1. Declaratory Relief:

Declare that Defendants' actions, as described herein, violated Plaintiff's rights under the Constitution and laws of the United States, including the First, Fourth, Fifth, and Fourteenth Amendments, the Civil Rights Act, the Wiretap Act, the Stored Communications Act, the Privacy Act of 1974, the Federal Tort Claims Act, and RICO, and all other statues named herein.

## 2. Injunctive Relief:

Issue preliminary and permanent injunctive relief prohibiting Defendants, their agents, employees, and all persons acting in concert with them from:

    a. Continuing any unlawful surveillance, hacking, monitoring, or tampering with Plaintiff's communications or property;

    b. Retaliating against Plaintiff in any form, including through harassment, intimidation, or deprivation of civil rights;

    c. Disseminating any unlawfully obtained personal information belonging to Plaintiff; and

d. Interfering in any way with Plaintiff's constitutional rights or access to the courts.

## 4. Compensatory Damages:

Award compensatory damages in an amount to be determined at trial for the injuries suffered by Plaintiff, including but not limited to emotional distress, reputational harm, loss of property, economic damages, and physical and mental pain and suffering.

## 5. Statutory Damages:

Award statutory damages as authorized under 18 U.S.C. § 2520 (Wiretap Act), 18 U.S.C. § 2707 (Stored Communications Act), and all other applicable federal statutes.

## 6. Treble Damages:

Award treble damages under 18 U.S.C. § 1964(c) (Civil RICO) for the Defendants' pattern of racketeering activity.

## 7. Punitive Damages:

Award punitive damages against all individual Defendants to punish and deter future misconduct, where allowed by law.

## 8. Attorney's Fees and Costs:

Award Plaintiff reasonable attorney's fees (pro se or counsel if appointed later) and litigation costs under 42 U.S.C. § 1988, 18 U.S.C. § 1964(c), and other applicable statutes.

## 9. Expungement and Correction of Records:

Order the expungement or correction of any and all unlawful records and data pertaining to Plaintiff that were obtained or maintained in violation of the Privacy Act and applicable constitutional rights.

**10. <u>Other Relief</u>:**

Award such other and further relief as the Court deems just, equitable, and proper under the circumstances.

**Dated:** May 1, 2025

Respectfully Submitted,

Danielle Victor
4 Loring Road Methuen, MA 01844
daniellekvictor@gmail.com
978-857-4885
THE LIGHT OF GOD NEVER FAILS

**VERIFICATION**

I, Danielle Victor, declare as follows:

1. I am the Plaintiff in the above-captioned action.
2. I have read the foregoing Complaint and know the contents thereof.
3. The facts stated in the Complaint are true and correct to the best of my knowledge, information, and belief.
4. As to matters stated on information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 1, 2025 in Methuen, Massachusetts 01844, Essex County.

Respectfully Submitted,

Danielle Victor
THE LIGHT OF GOD NEVER FAILS!

71